IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| GUSTAVO VASQUEZ | § | |
| | § | CIVIL ACTION NO. 7:15-cv-188 |
| VS. | § | |
| | § | |
| CONQUEST COMPLETION SERVICES, LLC | § | JURY REQUESTED |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Gustavo Vasquez files this his Original Complaint against Defendant Conquest Completion Services, LLC and, in support of his causes of action, would respectfully show the following:

**I.**
**PARTIES**

1.1    Plaintiff Gustavo Vasquez is and was a resident and citizen of the State of Texas at all times relevant to this action.

1.2    Defendant Conquest Completion Services, LLC is a Delaware corporation with its principal place of business in Louisiana. Although a nonresident of Texas, Defendant Conquest was engaged in business in Texas at all times relevant to this action, maintained multiple offices and employed full-time personnel within Texas and, in fact, this action arises from Defendant Conquest's business in the Western District of Texas. Further, Defendant Conquest maintains a registered agent for service of process in Texas, and may therefore be served through said registered agent, National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

## II.
### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a citizen of Texas, and a defendant that is a citizen of, is incorporated in, and/or has its principal place of business in a state other than Texas, specifically Louisiana, and the matter in controversy exceeds $75,000.00, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over Defendant Conquest Completion Services, LLC because Conquest conducts business in, and engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and specifically within the Western District of Texas.  Exercising jurisdiction over Defendant Conquest, therefore, does not offend the notions of fair play and substantial justice.

## III.
### VENUE

3.1     Venue is proper in the United States District Court for the Western District of Texas, Midland/Odessa Division pursuant to 28 U.S.C. § 1391(b)(1) because Conquest Completion Services, LLC is a corporation that resides in said district pursuant to § 1391(d).

3.2     The United States Courthouse for the Western District of Texas, Midland/Odessa Division is located less than 29 miles from the site of the incident made the basis of this action.

## IV.
### BACKGROUND FACTS

4.1 On or about June 23, 2015, Gustavo Vasquez was properly seatbelted and driving a tractor/trailer combo westbound on State Highway 158 approximately 20 miles southeast of Midland, Texas.

4.2 On that same date, Shawn Huddleston was driving a 2014 Ford F-350, controlled and provided by Defendant Conquest, eastbound on State Highway 158.

4.3 While driving, Shawn Huddleston was acting as an employee of Defendant Conquest; was working within the course and scope of his duties for Defendant Conquest; and/or was driving in the furtherance of a mission for the benefit of Defendant Conquest, and was subject to the control as to the details of the mission by Conquest.

4.4 At approximately 4:00 a.m., Huddleston crossed over the centerline of State Highway 158 and struck the vehicle driven by Gustavo Vasquez head-on.

4.5 As a result of said conduct, Gustavo Vasquez sustained serious injuries.

## V.
### CAUSES OF ACTION

**A.   Negligence**

5.1 Defendant Conquest Completion Services, LLC committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the subject incident, Gustavo Vasquez's injuries, and all of his resulting damages.

5.2 Defendant Conquest's negligent acts include, but are not limited to:

   a. Failure to exercise due care in hiring and/or contracting with Shawn Huddleston, including its failure to adequately inquire into Huddleston's qualifications, experience, and history;

    b.    Failure to inquire into and/or test, or failure to exercise due care in inquiring into and/or testing, Huddleston's competence to operate a vehicle, or lack thereof;

    c.    Failure to train, or failure to exercise due care in training, Huddleston with respect to operating a vehicle;

    d.    Failure to monitor, or failure to exercise due care in monitoring, Huddleston's competence to operate a motor vehicle, or lack thereof;

    e.    Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Huddleston;

    f.    Failure to establish proper safety policies, procedures, and/or safeguards regarding the operation of company vehicles; and

    g.    Entrusting the subject vehicle to Huddleston.

**B.**     **Vicarious Liability**

5.3     Additionally, Defendant Conquest is liable under the doctrine of *respondeat superior* for the conduct of Shawn Huddleston, as Huddleston committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the subject incident, Gustavo Vasquez's injuries, and all of his resulting damages.

5.4     Huddleston's negligent acts include, but are not limited to:

    a.    Failure to maintain proper control of his vehicle;

    b.    Failure to keep a proper lookout;

    c.    Failure to keep mental and physical alertness;

    d.    Driving under the influence of intoxicating substances;

    e.    Failure to drive in a single lane;

    f.    Failure to properly observe traffic; and/or

    g.    Distracted driving.

5.5     Huddleston's actions and inactions, as stated above, occurred while he was in the course and scope of his work duties for Defendant Conquest.

## VI.
## DAMAGES

6.1     As a direct and proximate result of the foregoing events, Gustavo Vasquez has suffered damages in the past, and will continue to suffer damages in the future, specifically with respect to the following elements of damages, each for which suit is now brought:

      a.   Past physical pain;

      b.   Future physical pain;

      c.   Past mental anguish;

      d.   Future mental anguish;

      e.   Past lost wages and/or loss of earning capacity;

      f.   Future lost wages and/or loss of earning capacity;

      g.   Past disfigurement;

      h.   Future disfigurement;

      i.   Past physical impairment;

      j.   Future physical impairment;

      k.   Past medical care expenses; and

      l.   Future medical care expenses.

6.2     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
### CONDITIONS PRECEDENT

7.1 All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred.

## VIII.
### PRAYER

9.1 Plaintiff Gustavo Vasquez prays that Defendant Conquest Completion Services, LLC be cited to appear and answer for its tortious conduct, that this case be set for trial, and that Plaintiff recovers a judgment of and from Defendant for damages in such amount as the evidence may show and the jury may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

By:   /s/ Laura A. Cockrell
**Laura A. Cockrell**
Attorney-in-Charge
State Bar No. 24082836
Federal Bar No.  1691710
**J. Hunter Craft**
State Bar No. 24012466
Federal Bar No. 24377
2727 Allen Parkway, Suite 1150
Houston, Texas 77019
Telephone:    713.225.0500
Telefax:         713.225.0566
Email:           lcockrell@craftlawfirm.com
Email:           hcraft@craftlawfirm.com

**OF COUNSEL:**
**CRAFT LAW FIRM, P.C.**

**ATTORNEYS FOR PLAINTIFF**